**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 24, 2018
Decided May 9, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3022

| | |
|---|---|
| PATTY ANN FRAZEE,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division. |
| *v.* | No. 1:16-cv-00329-WCL-SLC |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    *Defendant-Appellee.* | William C. Lee,<br>    *Judge.* |

**O R D E R**

In 2015, an administrative law judge ended Patty Frazee's disability-insurance benefits because she had medically improved since 2009, when she had been granted benefits because of varicose veins in her leg. The ALJ further concluded that no other impairment, including Frazee's osteoarthritis, had become disabling in the interim. The district court upheld the decision, and we affirm the judgment.

On September 9, 2009, the Social Security Administration concluded in its initial review that Frazee was disabled because she met medical listing 4.11A: "[c]hronic

venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and … [e]xtensive brawny edema … involving at least two-thirds of the leg." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.11A (2015) (emphasis omitted). A consultative examiner at the time found that Frazee had brawny edema and an open lesion on her left leg and suffered from chronic bruising and infection.[1] Though Frazee also suffered from osteoarthritis in 2009, the reviewing physician found Frazee disabled without considering that impairment.

The record evidence after 2009, however, centers on Frazee's osteoarthritis. In June 2012, Dr. Barry Liechty found Frazee's knee was tender and could not fully flex or extend. He diagnosed her with osteoarthritis after an x-ray. Though he considered recommending that Frazee have her knee replaced, he found she was not a candidate for surgery because of her obesity and her history of infection and blood clots.

In December 2012, Dr. David Ringel, a consultative examiner, found that Frazee exhibited no edema but had a swollen and tender left knee joint. Despite her joint problems, Frazee had a normal gait and walked at a normal pace and speed without an assistance device. Frazee showed limited range of motion in her neck, back, and hips but "full normal range of motion" in her knees, ankles, and arms. She was able to get off the examining table, stand (but not walk) on her heels and toes, and perform a partial squat. The agency also received in early 2013 a consultative x-ray that supported Dr. Liechty's findings of osteoarthritis and showed mild-to-moderate joint degeneration in Frazee's left knee.

Based on Dr. Liechty's report, Dr. Ringel's examination, and the consultative x-ray, reviewing physician Dr. J. Sands concluded that Frazee could stand or walk 6 hours in a work day, occasionally lift or carry 20 pounds, and frequently lift 10 pounds. But Frazee's conditions meant she could only occasionally climb, balance, stoop, kneel, crouch, or crawl and could never use a ladder, rope, or scaffold. A second reviewing physician, Dr. B. Whitley, concurred based on the same evidence. Dr. Whitley also cited Frazee's comments to an agency employee that she had been

---

[1] "Brawny edema is swelling that is usually dense and feels firm due to the presence of increased connective tissue." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.00(G)(3) (emphasis omitted). Brawny edema is contrasted with "pitting edema," which is swelling that indents on pressure and does not satisfy a listing. *See id.*

working full-time, did not use any assistance devices, and had problems when walking only long distances.

Frazee never presented an opinion from a treating physician and included only sparse records from treating sources. From an urgent care clinic, she provided records relating to her complaints of swollen legs in May 2013. The doctor diagnosed her with bilateral edema—though it is not clear if it was brawny or pitting. In her left leg she exhibited petechiae (small pools of blood in her skin) secondary to her edema, and in her right knee, effusion. Frazee was told to elevate her left leg for 20 minutes every 4 hours and to wrap her leg in bandages as needed, though the doctor did not say for how long she would need to take these steps.

Dr. Terry Shipe was Frazee's primary care physician until at least June 2013. Around that time, Dr. Shipe recommended that Frazee visit an orthopedist for an MRI of her right knee. She missed her appointment, however, and never rescheduled.

In September 2014, Frazee's more recent primary care physician, Dr. Dean Mattox, advised Frazee to visit the emergency room to check for a blood clot in her right leg, where she was experiencing pain. At the emergency room, the doctor found no blood clot and concluded that Frazee's pain came from muscle strain. He had ordered an MRI and ultrasound, which together revealed that she had a small Baker's cyst and led to a diagnosis of osteoarthritis in her right knee based on her "small to moderate sized joint effusion," narrowed joint space, and a small chondral fragment (a loose piece of cartilage) in her knee.

At her hearing before the ALJ in January 2015, Frazee testified that she had been using a walker for a year, though she admitted it was never prescribed to her. Frazee said she could perform only minimal housework: she cooked and did laundry, but had help with the cooking and needed her husband to lift the laundry basket. She spent most of her day sitting in a recliner and said she often needed to switch between sitting and standing with her walker.

Applying the eight-step process for continuing disability review, *see* 20 C.F.R. § 404.1594, the ALJ concluded that Frazee reached medical improvement as of February 28, 2013, and was not disabled through the date of decision, March 27, 2015. The ALJ first found that Frazee did not meet a listed impairment, including listing 4.11A. Because Frazee no longer had any brawny edema, the ALJ also determined that

she had improved medically as of February 28, 2013, and that this improvement related to her ability to work.

The ALJ next ruled that Frazee's osteoarthritis and morbid obesity (her body mass index reached the low fifties in 2014) were severe impairments, but Frazee's other impairments, including her vascular insufficiency, were non-severe. The ALJ found the vascular insufficiency non-severe principally because there was no evidence of brawny edema since February 2013.

Like both reviewing physicians, the ALJ concluded that Frazee could perform light work except that she cannot climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The ALJ rejected Frazee's testimony about her own limitations as not credible because it was unsupported by the objective medical evidence. There was no evidence that her walker was necessary and her physical examinations were "largely within normal limits."

Based on Frazee's residual functional capacity, the ALJ concluded that Frazee was not disabled because she was capable of returning to her past work as a press operator. Alternatively the ALJ found, based on the vocational expert's testimony, that Frazee could perform other jobs, including "charge account clerk," "telephone order clerk," or "addresser."

Frazee sought review from the Appeals Council, which denied her request. The district court, likewise, upheld the ALJ's decision.

Frazee's principal argument on appeal is that the ALJ overlooked portions of Dr. Ringel's report that reflect deterioration in her range of motion since 2009. To the contrary, the ALJ explicitly mentioned Frazee's range-of-motion problems in her review of the evidence. But more importantly Frazee does not explain why decreased range of motion in her back, neck, and hips would undermine the ALJ's decision; she asserts only that she is less flexible now than she was in 2009. To the extent she insists on that basis that she has not medically improved, her argument is frivolous. The regulations provide that a claimant has medically improved in a manner related to her ability to work if she no longer meets a listing that she had met at the time of the last favorable decision. 20 C.F.R. § 404.1594(c)(3)(i). Frazee does not dispute that she no longer exhibits brawny edema sufficient for listing 4.11A, so whether her other impairments may have worsened since 2009 is irrelevant to her improvement, *see id.*

In any event, substantial evidence supports the ALJ's decision not to further limit Frazee's residual functional capacity based on her range-of-motion deficits. No doctor ever attributed any limitation in functioning to these deficiencies. Dr. Ringel certainly did not, as he reported that Frazee could walk normally without any assistance. And both reviewing physicians relied heavily on Dr. Ringel's examination notes to conclude that Frazee could perform light work. The ALJ cannot be faulted for not "playing doctor" and independently drawing a different conclusion from Dr. Ringel's tests. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014).

Finally Frazee contends that the ALJ erred in her analysis of several discrete pieces of evidence that informed her residual-functional-capacity finding. But the Commissioner correctly recognizes that Frazee waived all of these arguments by not adequately presenting them to the district court. *See, e.g., Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013).

At oral argument, Frazee suggested that she had preserved her contentions by challenging generally the ALJ's residual-functional-capacity finding. But we cannot discern even that broad argument from her brief in the district court. If she did raise the issue, then it was so undeveloped that it was nevertheless waived. *See id.* at 708; *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Instead we, like the district court, see that she challenged only the ALJ's weighing of the doctors' opinions and the ALJ's hypothetical questions to the vocational expert. She sought to add more arguments in her district-court reply brief, but that was too late to avoid waiver, *see Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002). We therefore do not address Frazee's contentions further.

AFFIRMED